904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tanvir S. GILL, Defendant-Appellant.
 No. 89-6535.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Tanvir Singh "T.J." Gill appeals his sentence under the United States Sentencing Guidelines. The indictment charged Gill, Amar Jeet "A.J." Shaheed, and Mohammed H. Javed with conspiracy; two counts of wire fraud, in violation of 18 U.S.C. Sec. 1343; and one count of interstate transportation of stolen airline tickets, in violation of 18 U.S.C. Sec. 2314. On July 24, 1989, pursuant to a plea agreement, Gill pleaded guilty to one count of wire fraud, and the remaining counts were dismissed. Gill was sentenced to eight months in prison, four months of which Gill served in a halfway house. Finding that Gill was an "organizer, leader, manager, or supervisor" of Shaheed and Javed, we affirm his sentence under U.S.S.G. Sec. 3B1.1(c).
 
 
 2
 * In April 1988, Gill contacted Randy Jeffers to discuss the possibility of purchasing a financially troubled travel agency. Gill's purpose was to purchase such an agency in order to steal blank airline tickets that had been consigned to the agency. Gill explained the scheme to Jeffers, offering him up to $25,000 if they succeeded in purchasing an agency, or $5000 if they were unsuccessful.
 
 
 3
 Gill suggested to Jeffers that Jeffers be the "front man" in the purchase of a travel agency in either Louisiana, where Jeffers lived, or Tennessee, where Gill lived. On August 7, 1988, Gill arranged for a woman named Brenda to alter Jeffers's appearance by bleaching his hair and shaving his beard into a goatee. "Brenda" also took photographs of Jeffers that were used to create a false driver's license. After they made an unsuccessful attempt to purchase an agency near Nashville, Jeffers and Gill concentrated on purchasing an agency in Louisiana. Gill was not aware, however, that Jeffers had begun cooperating with the FBI. Jeffers introduced Gill to an undercover FBI agent, Deborah Dillender, as a potential buyer of the stolen ticket stock. Dillender eventually agreed to purchase, at discounted price, 17 airline tickets for a trip to the Mideast. A.J. Shaheed was to obtain the tickets.
 
 
 4
 Before the scheme was completed, the members of the conspiracy were arrested. The court determined that Gill was actively involved in the plan to "bust out" financially troubled travel agencies in order to steal their ticket inventory and that Gill attempted to recruit others into the scheme.
 
 
 5
 Under U.S.S.G. Sec. 2F1.1(a), a conviction involving an offense of fraud and deceit, including wire fraud, is assigned a base offense level of 6. Under Sec. 2F1.1(b)(1)(D), 3 points were added for the dollar amount of the loss. Under Sec. 2F1.1(b)(2), an additional 2 points were added for more than minimal planning and a scheme to defraud more than one victim. Under Sec. 3B1.1(c), the court then added 2 points for Gill's role as an organizer. The court also gave Gill a two-point reduction for acceptance of responsibility under Sec. 3E1.1(a). For an adjusted offense level of 11 and a criminal history category of I (Gill had no previous convictions and therefore no criminal history points), the range is 8 to 14 months. The court sentenced Gill to the minimum, eight months.
 
 II
 
 6
 * The district court found that Gill "was actively involved, certainly, in the bust-out and did attempt to recruit, and I believe that that is being involved in the organization of the offense." Considering Gill to be an "organizer, leader, manager, or supervisor" of the scheme under U.S.S.G. Sec. 3B1.1(c), the court increased Gill's offense level by 2 points. Gill claims that this increase was not justified by the facts in this case.
 
 
 7
 Gill argues that the court made two errors. First, it enhanced his sentence based on conduct that was not part of the offense for which he was convicted. Gill was convicted of one count of wire fraud. The conspiracy count was dismissed. All of the conduct surrounding the "bust-out" plans related only to the conspiracy count, not to the wire fraud count. Gill argues that there is insufficient evidence to determine that he was an "organizer, leader, manager, or supervisor" in the wire fraud offense.
 
 
 8
 Gill claims that Shaheed and Javed were both more substantially involved in the stolen ticket operation than he was and that they controlled his activities in ticket sales matters. Jeffers and Dillender were both agents of the government, Jeffers as a cooperating individual and Dillender as an FBI agent. Gill claims that neither could have been convicted of the crime of wire fraud and therefore neither was a "participant" under U.S.S.G. Sec. 3B1.1. A sentencing enhancement cannot be based upon a claim that Gill was "leading or organizing government agents." United States v. Carroll, 893 F.2d 1502, 1509 (6th Cir.1990).
 
 
 9
 Gill argues that, compared to the only other participants in the scheme, Shaheed and Javed, he was a minor actor and should have been awarded a two-point reduction under Sec. 3B1.2(b). Gill asserts that Shaheed and Javed were conducting an illegal airline ticket operation before he ever became involved. Shaheed and Javed obtained the tickets that were to be sold to Dillender. Shaheed ran a travel agency of his own that was involved in the sale of stolen tickets. His agency was deemed in default by the Airline Reporting Corporation for failure to report $66,000 worth of tickets. Gill claims that he, by comparison, was a lower echelon participant acting at the direction of Shaheed and Javed, who were operating a stolen ticket scheme on a nationwide scale.
 
 
 10
 We are not persuaded by Gill's characterization of his role in the criminal activity. The evidence shows that Gill was a leader or organizer of the people involved in the wire fraud. While Shaheed and Javed may have been involved in a greater number of stolen ticket operations around the country, it was Gill who was the key player in this particular criminal activity.
 
 
 11
 Gill arranged for Shaheed and Javed to sell the stolen tickets to the government agent, Dillender. Gill was the essential link in the wire fraud scheme. Without Gill's leadership in recruiting Dillender as a buyer, the scheme never could have evolved. Gill organized the liaison between Shaheed and Javed, on the one hand, and Dillender, on the other. Gill also recruited Jeffers to find someone to purchase the airline tickets. Gill clearly exhibited control over these participants and played an indispensable role in the scheme. As Shaheed, Javed, and Jeffers were all criminally responsible participants whom Gill organized, Sec. 3B1.1 must be read to apply to this case. Cf. United States v. DeCicco, No. 89-2080, 1990 U.S.App. LEXIS 6261 (7th Cir. April 20, 1990) (holding that Sec. 3B1.1 does not apply to the organization of unknowing outsiders).
 
 
 12
 The standard of proof in determining an offense level is a "preponderance of the evidence." Carroll, 893 F.2d at 1506. The district court had sufficient facts before it to find, by a preponderance of the evidence, that Gill was an "organizer, leader, manager, or supervisor."
 
 B
 
 13
 Gill also claims that he committed only one act of aberrant behavior, which merits a departure from the Guidelines' sentence of imprisonment. We find this claim to lack merit.
 
 
 14
 Under U.S.S.G. Sec. 5K2.0, a downward departure is warranted only when the defendant proves the presence of a mitigating factor "to a degree substantially in excess of that which ordinarily is involved in the offense of conviction." The Guidelines take into account that Gill was a first offender; he cannot claim any additional benefit from this factor. Furthermore, we agree with the government that Gill did not perform one aberrant act. He was involved in, although not convicted of, a series of repeated criminal acts over a period of months.
 
 
 15
 The sentence was fair, valid, and within the Guidelines. Under these circumstances, United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989), precludes an appeal based on the argument that the court failed to depart from the Guidelines.
 
 
 16
 As the district court committed no error in its application of the Guidelines, the sentence of Tanvir S. Gill is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation